UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANEIL COOKS, | No. 2:13-cv-02177-AC-P |
| Petitioner, | |
| v. | ORDER |
| D.K. JOHNSON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The parties have consented to the jurisdiction of the magistrate judge. ECF Nos. 5, 9. Respondent has filed a motion to dismiss based on petitioner's failure to exhaust her only claim for relief. ECF No. 10. Petitioner has filed an opposition, ECF No. 12, and respondent has filed a reply, ECF No. 13. For the reasons that follow, the motion to dismiss will be granted.

I.   Factual and Procedural Background.

Petitioner entered a no contest plea to voluntary manslaughter, attempted second degree robbery, and second degree robbery in the Sacramento Superior Court. See Lodged Doc. No. 1 (Abstract of Judgment). On June 10, 2011, she was sentenced to a stipulated determinate term of twenty-three years. Id.

////

////

1

1        Petitioner was represented by counsel on appeal who filed a Wende[1] brief in the
2   California Court of Appeal.  The California Court of Appeal affirmed petitioner's convictions, but
3   ordered the judgment to be modified to reflect all of the fines and fees as well as an additional day
4   of custody credit.  See Lodged Doc. No. 3 (California Court of Appeal Opinion); see also Lodged
5   Doc. No. 2 (Amended Abstract of Judgment).

6        Rather than file a petition for review in the California Supreme Court, petitioner next filed
7   a request for a certificate of probable cause in the Sacramento Superior Court.  See ECF No. 12 at
8   5-8.  On March 26, 2013, the trial court rejected this notice of appeal and indicated that it was
9   received but not filed due to its untimeliness.  See ECF No. 12 at 8.

10       Petitioner then filed a habeas corpus petition in the Sacramento Superior Court
11  challenging her sentence.  ECF No. 12 at 9-11.  The trial court denied this habeas petition finding
12  that petitioner's sentence enhancement was authorized pursuant to California Penal Code §
13  12022.5(a).  Id.  It also found her remaining sentencing challenges were barred by In re Dixon, 41
14  Cal.2d 756, 759 (1953), and In re Harris, 5 Cal.4th 813, 828 (1993), since they could have been
15  raised on direct appeal but were not.  Id.

16       In a postcard denial, the California Court of Appeal denied petitioner's habeas corpus
17  petition on August 22, 2013.  ECF No. 12 at 12.  The record before the court does not indicate
18  what issue(s) petitioner raised in that state habeas petition since a copy of it was not provided by
19  either petitioner or the respondent.

20       Next petitioner filed a petition for review in the California Supreme Court that was
21  received on September 12, 2013, but returned to petitioner on September 26, 2013 due to her
22  failure to submit a timely application for relief from default.  ECF No. 12 at 27.  While a copy of
23  this petition for review was not provided to this court, it appears based on the timeframe in which
24  it was submitted that petitioner was seeking review of the California Court of Appeal's denial of
25  habeas corpus relief.

---

[1] See People v. Wende, 25 Cal.3d 436 (1979) (approving the practice whereby appointed counsel files an appellate brief setting forth a summary of the proceedings as well as the facts of the case and requests the court to independently review the record because there are no arguable legal issues to raise).

On October 10, 2013, petitioner filed the instant federal habeas corpus application raising a single claim for relief.[2] ECF No. 1. Petitioner alleges that the trial court imposed an illegal enhancement that violated her Sixth Amendment rights under the federal constitution as well as Apprendi v. New Jersey, 530 U.S. 466 (2000). ECF No. 1 at 4. While petitioner cites to a federal case in the heading of this claim, the facts supporting this claim for relief suggest that she is actually challenging the state court's application of its own sentencing laws.

II.     Legal Principles on Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal habeas court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Exhaustion is a matter of state court comity and does not affect this court's jurisdiction to entertain petitioner's habeas corpus application. See Harris v. Superior Ct., 500 F.2d 1124, 1126-27 (9th Cir. 1974) (en banc); see also 28 U.S.C. § 2254(b)(2) (stating that a federal habeas petition may be denied on the merits notwithstanding a petitioner's failure to exhaust state court remedies).

Where a federal habeas petition contains frivolous claims, requiring state court exhaustion does not serve the underlying purpose of comity. See Rose v. Lundy, 455 U.S. 509, 525 (1982) (Blackmn, J., concurring) (emphasizing that requiring exhaustion of frivolous claims wastes the "state judiciary's time and resources… rejecting the obviously meritless unexhausted claim, which doubtless will receive little or no attention in the subsequent federal proceeding that focuses on the substantial exhausted claim."). Even in a capital case, the Ninth Circuit Court of Appeal has concluded that forcing a petitioner to return to state court to exhaust frivolous claims "is a senseless task which would simply delay [his] return to federal court." Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir. 1991).

////

---

[2] In determining the date of filing, petitioner was given the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 166, 276 (1988).

3

III. <u>Discussion</u>

Here, the court's review of the single claim for relief presented in petitioner's habeas corpus application suggests that bypassing state court exhaustion is appropriate in the present case. Requiring petitioner to return to state court to exhaust this claim, only to be blocked upon her return due to the one year statute of limitations, does not conserve judicial resources nor serve the purposes for which the exhaustion rule was created. District courts retain the discretion to determine a petition on its merits, bypassing an asserted procedural defense, where the underlying claims are "clearly not meritorious." See <u>Lambrix v. Singletary</u>, 520 U.S. 518, 525, (1997); <u>see also Day v. McDonough</u>, 547 U.S. 198, 208–09 (2006) (district courts can exercise discretion in each case to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition); <u>Granberry v. Greer</u>, 481 U.S. 129, 135 (1987) (discussing ability of district court to bypass exhaustion determination where the petitioner does not raise a colorable federal claim). The court concludes that the administration of justice is best served in this case by proceeding to the merits of petitioner's claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss the federal habeas corpus petition for failing to exhaust state court remedies (ECF No. 10) is denied without prejudice to the assertion of non-exhaustion as an affirmative defense in the answer;

2. Respondent shall file an answer that addresses inter alia the merits of the petition within 60 days from the filing date of this order, along with any transcripts and state court documents relevant to the issues presented in the petition;

3. Petitioner may file a reply within 30 days after service of the answer.

DATED: March 27, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE