UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANEIL COOKS,<br>Petitioner,<br>v.<br>D.K. JOHNSON,<br>Respondent. | No. 2:13-cv-02177-AC-P<br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The parties have consented to the jurisdiction of the magistrate judge. ECF Nos. 5, 9. Respondent has filed an answer, ECF No. 15, and petitioner has filed a traverse, ECF No. 17. For the reasons that follow, the petition will be denied.

FACTUAL AND PROCEDURAL BACKGROUND

I. Proceedings in the Trial Court

Petitioner and four co-defendants were charged in Sacramento County Superior Court with the 2008 murder and attempted robbery of Samuel Wilson. Co-defendant Randall Ronnie Powell was alleged to be the shooter; petitioner was alleged to have been part of a plan to lure Wilson to the location where he was killed. Powell was charged with personal discharge of a firearm in relation to both counts; the other defendants including petitioner were charged under

Cal. Penal Code § 12022(a)(1) with being armed. Petitioner and one of her co-defendants were also charged with the robbery of Yesenia Espinoza six weeks prior to the Wilson homicide. CT 29-32 (Amended Consolidated Complaint).[1]

The preliminary hearing was held the week of March 29, 2010. Trial began on April 11, 2011, with motions in limine. On April 14, 2011, the trial court granted petitioner's motion for a separate jury and ordered that jury selection would begin on April 18, 2011. CT 398. On the morning of April 18, 2011, the court was notified that petitioner wanted to change her plea pursuant to a stipulated offer. CT 400. Petitioner entered a no contest plea to voluntary manslaughter, attempted second degree robbery, and second degree robbery. CT 15. She admitted a firearm enhancement under Cal. Penal Code § 12022.5(a) in relation to the counts involving the Wilson homicide. Id. On June 10, 2011, she was sentenced to a stipulated determinate term of twenty-three years. Lodged Doc. No. 1 (Abstract of Judgment).[2]

II. State Post-Conviction Proceedings

On direct review, petitioner's appointed counsel filed a Wende[3] brief in the California Court of Appeal. The appellate court affirmed petitioner's convictions, but ordered the judgment modified to reflect all of the fines and fees as well as an additional day of custody credit. See Lodged Doc. No. 3 (California Court of Appeal Opinion); see also Lodged Doc. No. 2 (Amended Abstract of Judgment).[4] Rather than file a petition for review in the California Supreme Court, petitioner next filed a request for a certificate of probable cause in the Sacramento Superior Court. See ECF No. 12 at 5-8.[5] On March 26, 2013, the trial court rejected this notice of appeal and indicated that it was received but not filed due to its untimeliness. See ECF No. 12 at 8.

Petitioner then filed a habeas corpus petition in the Sacramento Superior Court

---

[1] "CT" refers to the Clerk's Transcript on Appeal.
[2] Document lodged January 8, 2014.
[3] See People v. Wende, 25 Cal.3d 436 (1979) (approving the practice whereby appointed counsel files an appellate brief setting forth a summary of the proceedings as well as the facts of the case and requests the court to independently review the record because there are no arguable legal issues to raise).
[4] Documents lodged January 8, 2014.
[5] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system and not those assigned by the parties.

challenging her sentence. Lodged Doc. 3.[6] The court denied the petition, finding that petitioner's sentence enhancement was authorized pursuant to California Penal Code § 12022.5(a). Lodged Doc. 4.[7] The court also found that petitioner's remaining sentencing challenges were barred by In re Dixon, 41 Cal.2d 756, 759 (1953), and In re Harris, 5 Cal.4th 813, 828 (1993), since they could have been raised on direct appeal but were not. Id.

Petitioner next filed habeas petition in the California Court of Appeal, which denied denied it on August 22, 2013, without comment or citation. Lodged Docs. 5, 6.[8] Petitioner filed a petition for review in the California Supreme Court that was received on September 12, 2013, but returned to petitioner on September 26, 2013 due to her failure to submit a timely application for relief from default. Lodged Doc. 7.[9]

III. Federal Habeas Proceedings

On October 10, 2013, petitioner filed the instant federal habeas corpus application.[10] ECF No. 1. Respondent moved to dismiss on grounds of non-exhaustion. ECF No. 10. On March 27, 2014, the motion was denied without prejudice to the assertion of non-exhaustion in the answer. ECF No. 14. Respondent filed an answer on May 27, 2014. ECF No. 15. Petitioner's traverse was filed on June 23, 2014. ECF No. 17.

EXHAUSTION OF STATE REMEDIES

Respondent has renewed his defense of non-exhaustion. ECF No. 15 at 15-16. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal habeas court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Exhaustion is a matter of comity and does not affect this court's jurisdiction to entertain petitioner's habeas corpus application. See Harris v. Superior

[6] Document lodged June 4, 2014.
[7] Document lodged June 4, 2014.
[8] Documents lodged June 4, 2014.
[9] Document lodged June 4, 2014.
[10] In determining the date of filing, petitioner is given the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 166, 276 (1988).

Court, 500 F.2d 1124, 1126-27 (9th Cir. 1974) (en banc).

Because non-exhaustion is not jurisdictional, a federal habeas petition may be denied on the merits notwithstanding a petitioner's failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2); Granberry v. Greer, 481 U.S. 129, 135 (1987). Where a federal habeas petition contains frivolous claims, requiring state court exhaustion does not serve the underlying purpose of comity. See Rose v. Lundy, 455 U.S. 509, 525 (1982) (Blackmn, J., concurring); see also Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir. 1991).

In light of these principles, the undersigned previously determined that the administration of justice is best served in this case by bypassing the exhaustion issue and proceeding to the merits of petitioner's claims. ECF No. 14. Nothing in respondent's answer causes the court to reconsider that determination. Accordingly, the court exercises its discretion to reach the merits of the claims.

STANDARNDS GOVERNING HABEAS RELIEF

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)).

"The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

Relief is also available under AEDPA where the state court predicated its adjudication of a claim on an unreasonable factual determination. Miller-El v. Dretke, 545 U.S. 231, 240 (2005);

Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir.), cert. denied, 543 U.S. 1038 (2004). The statute explicitly limits this inquiry to the evidence that was before the state court. 28 U.S.C. § 2254(d)(2).

To prevail in federal habeas proceedings, a petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional invalidity of his custody under pre-AEDPA standards. Frantz v. Hazey, 533 F.3d 724. There is no single prescribed order in which these two inquiries must be conducted. Id. at 736-37. The AEDPA does not require the federal habeas court to adopt any one methodology. Lockyer v. Andrade, 538 U.S. at 71.

PETITIONER'S CLAIMS

I. *Apprendi* Challenge to Firearm Enhancement

A. Petitioner's Allegations

Petitioner contends, with reference to Apprendi v. New Jersey, 530 U.S. 466 (2000), that her Sixth Amendment rights were violated by sentencing on the basis of an unproven enhancement for use of a firearm. ECF No. 1 at 3. Petitioner alleges that the enhancement "was illegal because the court and the D.A. knew petitioner never used a firearm." Id. at 4. She distinguishes between "gun use and being armed," and contends that because she was an aider and abettor who did not personally take any action with a gun, the enhancement was improperly applied. Id. at 5.

B. The Clearly Established Federal Law

The Sixth Amendment right to a jury trial extends to any fact used to increase a felony sentence beyond the otherwise applicable statutory maximum. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Accordingly, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. 220, 244 (2005).

The Sixth Amendment right to a jury trial is waived upon a defendant's guilty plea. See Godinez v. Moran, 509 U.S. 389, 397 n.7 (1993) ("A criminal defendant waives three

constitutional rights when he pleads guilty: the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers"); Brady v. United States, 397 U.S. 742, 748 (1970) ("But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge").

C. The State Court's Ruling

The Sacramento County Superior Court was the last state court to issue a reasoned decision rejecting petitioner's claim. Accordingly, that is the decision subject to review under 28 U.S.C. § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797 (1991); Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).

The superior court ruled in pertinent part as follows:

> . . . A guilty or no contest plea is an admission of all of the elements of the offense. (People v. Jones (1995) 10 Cal.4th 1102, 1109.)
>
> Petitioner claims that an enhancement was imposed for "use" of a firearm when it was undisputed that she did not personally discharge the firearm. However, Petitioner admitted an enhancement pursuant to Penal Code section 12022.5(a) and was sentenced accordingly. Therefore, she has not shown that her sentence was unauthorized.

Lodged Doc. 4.[11]

D. Objective Reasonableness

The superior court's adjudication of petitioner's claim was not unreasonable. The finding that petitioner's admission of the enhancement defeats her claim is consistent with, indeed compelled by, clearly established federal law. A sentencing enhancement must *either* be admitted *or* be found true by a jury. Booker, 543 U.S. at 244. The Apprendi requirement of proof is a trial right; it does not apply where a guilty plea has waived the government's obligation to prove the charges to a fact-finder. See id.; see also United States v. Silva, 247 F.3d 1051, 1059-60 (9th Cir. 2001) (holding that defendants waived their right to have a jury determine the quantity of drugs

[11] Document lodged June 4, 2014.

they had conspired to distribute by admitting to the amount in their plea agreement).

Neither the Sixth Amendment nor any other constitutional provision prohibits plea bargains to stipulated sentences. Petitioner had a choice: she could either (1) exercise her right to a jury trial, including the right to have a jury determine any sentencing enhancements, or (2) waive those rights and plead guilty (or no contest) to the reduced charges and the alternate enhancements, in order to achieve the stipulated sentence. See Missouri v. Frye, 132 S.Ct. 1399, 1407 (2012) (discussing centrality of plea bargaining process to criminal justice system, and relationship of trial rights to negotiated outcomes). Petitioner chose the latter option. She cannot now better her bargain by asserting trial rights that were validly waived.[12] Accordingly, the state court's denial of the petition was not contrary to, or an unreasonable application of, clearly established federal law. Section 2254(d) therefore bars relief.

II. Violation of California Concurrent Sentencing Law

A. Petitioner's Allegations

Petitioner alleges that she was sentenced to consecutive and "double enhanced" sentences in violation of California's laws governing concurrent and consecutive sentencing. ECF No. 1 at 5-6. "Cooks was given 10 yrs and then 1 yr 4 mo. for the same thing." Id. She contends that this violated her Sixth Amendment constitutional rights. Id. at 6.

B. Procedural Default

The superior court declined to address the merits of this claim, ruling that it had been forfeited by the failure to raise it on appeal:

> Claims that could have been raised on appeal are not cognizable on habeas unless the petitioner can show that (1) clear and fundamental constitutional error strikes at the heart of the trial process; (2) the court lacked fundamental jurisdiction; (3) the court acted in excess of jurisdiction not requiring a redetermination of facts; or (4) a change in law after the appeal affected the petitioner. (In re Dixon (1953) 41 Cal.2d 756, 759; In re Harris (1993) 5 Cal.4th 813, 828.)
>
> Petitioner argues that imposition of the firearm use enhancement was improper because it was an element of the offense. As this

[12] Petitioner makes no claim that her plea was involuntary or obtained by ineffective assistance of counsel.

> claim could have been raised on appeal, but was not, it is barred by Dixon. Likewise, the claim that two firearm enhancements were imposed also could have been raised on appeal. Therefore, Petitioner has not shown that she is entitled to any relief.

Lodged Doc. 4.[13]

As a general rule, a federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991); Beard v. Kindler, 558 U.S. 53, 55 (2009). Respondent urges this court to follow the lead of district courts which have held that California's Dixon rule supports application of the procedural default doctrine. ECF No. 15 at 17 (citing Sanchez v. Ryan, 392 F.Supp.2d 1136, 1138-39 (C.D. Cal. 2005), and Protsman v. Pliler, 318 F.Supp.2d 1004, 1008-09 (S.D. Cal. 2004)).

Whether the Dixon bar is adequate to support default depends on "whether [the] procedural rule was firmly established and regularly followed . . . at the time the claim should have been raised." Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997) (citation and internal quotation marks omitted). The Ninth Circuit had adopted a burden-shifting analysis to determine adequacy. Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). Under the Bennett framework, once the respondent pleads procedural default as an affirmative defense, the burden shifts to the petitioner to challenge the adequacy of that bar by showing that it has been inconsistently applied. Id.

Here, the answer pleads procedural default. ECF No. 15 at 17. Petitioner's traverse does not address the procedural default issue, however. ECF No. 17. In light of petitioner's pro se status and the potential complexity of analysis under Bennett v. Mueller, the court exercises its discretion to bypass the issue of procedural default and address the claim on the merits. See Lambrix v. Singletary, 520 U.S. 518, 522−25 (1997) (federal habeas court may bypass consideration of procedural bar in the interests of judicial economy, where the asserted default presents complicated questions and the other issues are resolvable against the petitioner); Franklin

[13] Document lodged June 4, 2014.

v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (same).

C. Petitioner Fails To State A Federal Claim

The court finds that this claim is subject to summary denial because it fails to state any violation of the Sixth Amendment or other federal law. Petitioner's claim is based exclusively on alleged violation of state sentencing law. See ECF No. 1 at 6 (citing Cal. Penal Code §§ 1170(A) and 1170.1, and "California Criminal Law Practice and Procedure 2011 § 37.6"). Errors of state law are not cognizable in federal habeas proceedings. Estelle v. McGuire, 502 U.S. 621, 67-68 (1991); see also Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009). Petitioner's unexplained invocation of the Sixth Amendment does not transform her claim of state law error into a federal claim. Because petitioner alleges a violation of state law, which on its face fails to implicate her Sixth Amendment or due process rights, the claim is simply not cognizable in this proceeding.

CONCLUSION

Accordingly, for the reasons explained above, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DENIED; and
2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: April 30, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE